UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ORTIZ, | 1: 07 CV 00744 OWW  WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 11] |
| JAMES E. TILTON, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Petitioner's motion to dismiss.

**STANDARD OF REVIEW**

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

1  established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather,
2  that application must be objectively unreasonable." Id. (citations omitted).

3  　　　While habeas corpus relief is an important instrument to assure that individuals are
4  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
5  Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
6  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.
7  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
8  determinations must be presumed correct, and the federal court must accept all factual findings made
9  by the state court unless the petitioner can rebut "the presumption of correctness by clear and
10 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
11 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
12 1388 (9th Cir. 1997).

13 **DISCUSSION**

14 　　　In his petition for writ of habeas corpus, Petitioner challenges his 2003 murder conviction.
15 Petitioner has now moved to dismiss the petition.  In his motion, Petitioner explains that at the time
16 he filed the present petition, there was a petition for writ of habeas corpus pending in the state court
17 challenging the same murder conviction.  Petitioner asserts that on November 7, 2007, the state
18 superior court granted Petitioner's petition for writ of habeas corpus and vacated the 2003 murder
19 conviction.  Petitioner further asserts that the State of California has elected not to appeal the grant
20 of relief.  Petitioner therefore asks this court to dismiss the present petition.  Respondent has not
21 responded to Petitioner's motion to dismiss.

22 　　　The case or controversy requirement of Article III of the United States Constitution deprives
23 the court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70
24 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352
25 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties
26 lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct.
27 1181, 1183 (1984).  The federal court is "without power to decide questions that cannot affect the
28 rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406

(1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

The mootness rule is subject to a "capable of repetition yet evading review" exception. See, Nebraska Press Assn. V. Stuart, 427 U.S. 539, 546, 96 S.Ct. 2791, 2797 (1976); GTE California, INC v. Federal Communications Comm'n, 39 F.3d 940, 945 (1994). The exception is met when the: "1) duration of the challenged conduct is too brief ever to be fully litigated prior to its cessation; and 2) a reasonable expectation is shown that plaintiff will again be subject the challenged activity." Mitchell, 75 F.3d at 528; GTE California, 39 F.3d at 945; see, also, County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383 (1979). "Capable of repetition, yet evading review" aspect of mootness doctrine is limited to situations where the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration and there is a reasonable expectation that the same complaining party would be subjected to same action again.

In this case, the court finds that the present petition is moot. Because Petitioner's murder conviction has already been vacated, a favorable decision by this court cannot redress Petitioner's injury, i.e., the conviction. Further, the "capable of repetition yet evading review" exception does not apply in this case, as the validity of the conviction has been fully litigated.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. that Petitioner's motion to dismiss be GRANTED;
2. that this petition for writ of habeas corpus be DISMISSED as moot;
3. that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     October 20, 2008**                    **/s/  William M. Wunderlich**
                                                                             UNITED STATES MAGISTRATE JUDGE